IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. <br><br> Plaintiff, <br><br> v. <br><br> THE STACK SYSTEM LP, THE STACK SYSTEM GP, INC. and SUPERSPEED GOLF, LLC, <br><br> Defendants. | Case No.: <br> Honorable |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Associated Industries Insurance Company, Inc. ("Associated"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants The Stack System LP ("Stack System"), The Stack System GP, Inc. ("Stack System GP"), and Superspeed Golf, LLC ("Superspeed"), states as follows:

**NATURE OF THE ACTION**

1. In this action, Associated seeks a determination of its rights and obligations under an insurance policy issued to Defendant Stack System in connection with an Underlying Action (as defined herein) filed by Superspeed, which asserts certain claims against Stack System.

2. The Underlying Action (defined herein) is pending in the United States District Court for the Northern District of Illinois.

3. Associated issued a Commercial General Liability Policy (the "Policy" as defined herein) to Stack System, as described more fully below.

4. The scope of coverage available to Stack System in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

**JURISDICTION AND VENUE**

5. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

6. Plaintiff Associated is a corporation organized under the laws of Florida with its principal place of business in New York, New York.

7. Defendant The Stack System GP, Inc. is a corporation organized under the laws of Arizona with its principal place of business in Phoenix, Arizona.

8. Defendant The Stack System LP is a limited partnership formed in Arizona, whose sole member is The Stack System GP, Inc.

9. Defendant Superspeed Golf, LLC is limited liability company organized under the laws of Illinois with its principal place of business in Tulsa, Oklahoma. The members of Superspeed Golf, LLC are Michael J. Napolean, who is a citizen of Oklahoma, and Kyle Shay, who is a citizen of Illinois. Plaintiff Associated does not assert any claim against Defendant Superspeed Golf, LLC in the Complaint and it has been named as a defendant in this action solely as a necessary and indispensable party.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Associated, on the one hand, and Defendants Stack System, Stack System GP and Superspeed, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Stack System with regard to the Underlying Action exceeds $75,000.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as substantial part of the events or omissions giving rise to the Underlying Action occurred in this District.

12. An actual justiciable controversy exists between Associated, on the one hand, and Defendants Stack System, Stack System GP and Superspeed, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201

and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

13. On May 8, 2024, a lawsuit captioned *Superspeed Golf, LLC v. The Stack System GP, Inc. and The Stack System, LP*, Case No. 1:24-cv-03749, was filed in the United States District Court for the Northern District of Illinois (the "Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

14. The Complaint alleges that Superspeed is one of Stack System's competitors who also produces an OverSpeed Training system. The Complaint further alleges that Superspeed entered the market earlier than Stack System. Ex. A, 8.

15. The Complaint alleges that Stack System produces inflated metrics which Stack System uses to mislead and deceive consumers. Ex. A, 11.

16. The Complaint further alleges that Stack System's marketing materials inflate apparent swing speed and distance gains through selective presentment of data without qualification that purported gains are not the result, in whole or part, of its training protocol and products. Ex. A, 11.

17. The Complaint further alleges that Superspeed's sales are lower due to Stack System's claimed false advertising and that Stack System uses false, misleading and deceptive advertising willfully and intentionally to siphon off Superspeed's market share in the golf swing speed training market. Ex. A, 24.

18. The Complaint includes a Count against Stack System for False Advertising under the Lanham Act and a Count against Stack System for Violation of the Illinois Uniform Deceptive Trade Practices Act. Ex. A, 25.

19. In the Complaint, Superspeed seeks an injunction enjoining Stack System from continuing their alleged false advertising, as well as damages based upon profits received by

Stack System and damages sustained by Superspeed as a result of Stack System's alleged unlawful actions. Ex. A, 28.

## THE POLICIES

20. Associated issued four consecutive commercial general liability policies to named insured The Stack System LP, which were in effect from February 15, 2021 to February 15, 2025.

21. Associated issued a commercial package policy, policy number AES1206521 00, effective from February 15, 2021 to February 15, 2022 (the "2021 Policy"), to The Stack System LP. The Commercial General Liability Part of the 2021 Policy provides a limit of liability of $1,000,000 Each Occurrence; a $1,000,000 Personal and Advertising Injury limit; and a $2 million general aggregate.

22. Associated issued a commercial package policy, policy number AES1206521 01, effective from February 15, 2022 to February 15, 2023 (the "2022 Policy"), to The Stack System LP. The Commercial General Liability Part of the 2022 Policy provides a limit of liability of $1,000,000 Each Occurrence; a $1,000,000 Personal and Advertising Injury limit; and a $2 million general aggregate.

23. Associated issued a commercial package policy, policy number AES1206521 02, effective from February 15, 2023 to February 15, 2024 (the "2023 Policy"), to The Stack System LP. The Commercial General Liability Part of the 2023 Policy provides a limit of liability of $1,000,000 Each Occurrence; a $1,000,000 Personal and Advertising Injury limit; and a $2 million general aggregate.

24. Associated issued a commercial package policy, policy number AES1206521 03, effective from February 15, 2024 to February 15, 2025 (the "2024 Policy"), to The Stack System LP. The Commercial General Liability Part of the 2024 Policy provides a limit of

liability of $1,000,000 Each Occurrence; a $1,000,000 Personal and Advertising Injury limit; and a $2 million general aggregate.

25. The 2021 Policy, 2022 Policy, 2023 Policy and 2024 Policy are, collectively, referred to herein as the "Policies." The Policies contain substantially similar terms and provisions, which are set forth herein as contained in Policy No. AES1206521 03, in effect from February 15, 2024 to February 15, 2025. A true and accurate copy of the 2024 Policy is attached hereto as **Exhibit B**.

26. Coverage A under the Commercial General Liability Coverage Part of the Policies provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   * * *

   **b.** This insurance applies to "bodily injury" and "property damage" only if:
   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   * * *

Exhibit B, Assoc_00039.

27. Coverage A under the Commercial General Liability Part of the Policies includes the following pertinent exclusions:

>  **2. Exclusions**
>
>  This insurance does not apply to:
>
>  * * *
>
>  **o.  Personal And Advertising Injury**
>
>  "Bodily injury" arising out of "personal and advertising injury".
>
>  * * *
>
>  **q.  Distribution Of Material Or Information In Violation Of Law**
>
>  "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
>  **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
>  **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
>  **(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits, or limits the sending, transmitting, communicating or distribution of material or information.
>
>  * * *

Exhibit B, Assoc_00043.

28. Coverage B under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

>  **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
>  **1.  Insuring Agreement**
>
>  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and

advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

*  *  *

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the coverage territory during the policy period.

*  *  *

Exhibit B, Assoc_00043.

29. Coverage B under the Commercial General Liability Part of the Policies includes the following pertinent exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

*  *  *

**g. Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

*  *  *

Page **7** of **17**

    **p.**     **Distribution Of Material Or Information In Violation Of Law**

        "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        **(1)**     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

        **(2)**     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

        **(3)**     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits, or limits the sending , transmitting, communicating or distribution of material or information.

        \* \* \*

Exhibit B, Assoc_00045.

    30.     Pursuant to the Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability – With Limited Bodily Injury Exception endorsement to the Policies, the following exclusions were added to Coverages A & B:

    **A.**     Exclusion **2.p** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

        **2.**     **Exclusions**

        This insurance does not apply to:

        **p.**     **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

        Damages arising out of:

        **(1)**     Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of non-public information; or

> **(2)** The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.
>
> However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".
>
> As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions of Section I – Coverage B – Personal and Advertising Injury**

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Access Or Disclosure Of Confidential Or Personal Information**
>
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of non-public information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

Exhibit B, Assoc_00057.

31. SECTION V – DEFINITIONS of the Policies includes the following relevant definitions:

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violate a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement".

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement". . . .

\* \* \*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it . . .

**18.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged.

\* \* \*

Exhibit B, Assoc_00050-Assoc_00052.

## THIS DISPUTE

32.    Defendant Stack System has sought a defense and indemnity from Associated under the Policies in connection with the claims asserted against it in the Underlying Action.

33.    Plaintiff Associated has determined through its coverage investigation that it owes no obligation under the Policies to defend or indemnify Defendant Stack System in connection with the claims asserted against it in the Underlying Action.

34.    Plaintiff Associated has advised Defendant Stack System in writing that it disclaims any obligation under the Policies to defend and/or indemnify Defendant Stack System in connection with the claims asserted against it in the Underlying Action.

35.    Plaintiff Associated now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Defendant Stack System in connection with the claims asserted against it in the Underlying Action.

## COUNT I
### No Duty to Defend or Indemnify Stack System Under Coverage A

36.    Associated incorporates by reference herein paragraphs 1 through 35, as if the same were fully set forth at length.

37.    The Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured becomes legally obligated to pay as

damages because of 'bodily injury' or 'property damage' to which this insurance applies. Ex. B, Assoc_00039.

38. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. B, Assoc_00050.

39. The Policy defines "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." Ex. B, Assoc_00052.

40. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, Assoc_00051.

41. The Complaint does not allege that Superspeed sustained "bodily injury" or incurred "property damage" caused by an accident, as a result of the actions of Stack System.

42. Accordingly, because the Complaint does not seek to impose liability against Stack System for damages because of "bodily injury" or "property damage" caused by an "occurrence", as those terms are defined in the Policies, the claims asserted in the Complaint do not fall within the scope of the insuring agreement of Coverage A of the Commercial General Liability Coverage Part of the Policies and, therefore, no coverage is afforded under Coverage A to Stack System for the claims asserted against it in the Underlying Action.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under Coverage A of the Commercial General Liability Coverage Part of the Policies to defend or indemnify Stack System in connection with the claims asserted against it in the Underlying Action.

## COUNT II
### No Duty to Defend or Indemnify Stack System Under Coverage B

43. Plaintiff Associated incorporates by reference herein paragraphs 1 through 42 as if the same were fully set forth at length.

44. The Insuring Agreement for Coverage B – Personal and Advertising Injury Liability of the Commercial General Liability Part of the Policies provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. Ex. B, 39. The Policy defines "personal and advertising injury" to mean "injury, including consequential "bodily injury", arising out of one or more [specified] offenses." Ex. B, Assoc_00043.

45. The Complaint alleges Stack System engaged in false advertising using inflated metrics in order to mislead and deceive consumers. Specifically, the Complaint alleges that Stack System's marketing materials inflate apparent swing speed and distance gains through selective presentment of data without qualification that purported gains are not the result, in whole or part, of its training protocol and products. Ex A, 11. The Complaint further alleges that Stack System uses false, misleading, and deceptive advertising willfully and intentionally to siphon off SuperSpeed's market share in the golf swing speed training market. Ex A, 11.

46. However, the Complaint does not allege that Superspeed has sustained "personal and advertising injury" caused by any of the specified offenses. As such, the Complaint does not seek to impose liability against Stack System for damages because of "personal and advertising injury" caused by an offense as defined in the Policy.

47. Accordingly, because the Complaint does not allege that Stack System is liable for "personal and advertising injury" as defined in the Policy, the claims asserted in the Complaint do not fall within the scope of the insuring agreement of Coverage B of the Commercial General Liability Coverage Part of the Policy and, therefore, no coverage is afforded under Coverage B to Stack System for the claims asserted against it in the Underlying Action.

48. Even if the allegations in the Complaint could be reasonably interpreted as satisfying the requirements of coverage under the insuring agreement of Coverage B of the Policy, certain exclusions and endorsements contained in Coverage B would operate to preclude coverage in this matter.

49. Coverage B of the Policies contains exclusion **a.** which precludes coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury." Ex. B, Assoc_00043.

50. The Complaint alleges Stack System willfully and intentionally uses false, misleading, and deceptive advertising to siphon off Superspeed's market share in the golf swing training market. Ex. A, 24.

51. Accordingly, even if the allegations of the Complaint met the requirements of the insuring agreement for Coverage B of the Commercial General Liability Coverage Part of the Policies, coverage for the claims asserted against Stack System in the Complaint would be precluded by operation of exclusion **a.** Knowing Violation of Rights of Another of Coverage B of the Policies.

52. Coverage B of the Policies contains exclusion **b.** which precludes coverage for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity. Ex. B, Assoc_00043.

53. The Complaint alleges Stack System willfully and intentionally inflated metrics in their advertising. The Complaint further alleges that Stack System's marketing materials inflate apparent swing speed and distance gains through selective presentment of data without qualification that purported gains are not the result, in whole or part, of its training protocol and products. Ex. A, 11.

54. Accordingly, even if the allegations of the Complaint met the requirement of the insuring agreement for Coverage B, coverage for the claims asserted against Stack System in the Complaint would be precluded by operation of exclusion **b.** Material Published With Knowledge Of Falsity of Coverage B of the Policies.

55. Coverage B of the Policies contains exclusion **g.** which precludes coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement". Ex. B, 44.

56. The Complaint alleges that, in its marketing materials, Stack System produces inflated metrics which Stack System uses to mislead and deceive consumers. The Complaint further alleges that Stack System's marketing materials inflate apparent swing speed and distance gains through selective presentment of data without qualification that purported gains are not the result, in whole or part, of its training protocol and products. Ex. A, 11.

57. Accordingly, even if the allegations of the Complaint met the requirement of the insuring agreement for Coverage B, coverage for the claims asserted against Stack System in the Complaint would be precluded by operation of exclusion **g.** Quality Or Performance of Goods – Failure To Conform to Statements of Coverage B of the Policies.

58. Coverage B of the Policies contains exclusion **p.** which precludes coverage for "'[p]ersonal and advertising injury' arising directly or indirectly out of any action or omission that violates or is alleged to violate: . . . (3) [a]ny federal, statute, ordinance or regulation, other than the TCPA, or CAN-SPAM Act of 2003, that prohibits, or limits the sending, transmitting, communicating or distribution of material or information." Ex. B, Assoc_00044.

59. The Complaint alleges Stack System engaged in false advertising in violation of the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act. Ex. A, 25.

60. Accordingly, even if the allegations of the Complaint met the requirements of the insuring agreement of Coverage B, coverage for the claims asserted against Stack System in the Underlying Action would be precluded by operation of exclusion **p.** Recording And Distribution Of Material Or Information In Violation Of Law of Coverage B of the Policies.

WHEREFORE, Associated seeks a judgment that it owes no duty under Coverage B of the Commercial General Liability Part of the Policies to defend or indemnify Stack System in connection with the claims asserted against it in the Underlying Action.

## **PRAYER FOR RELIEF**

Plaintiff Associated Industries Insurance Company, Inc. hereby respectfully requests the entry of an order and judgment in its favor and against The Stack System LP, The Stack System GP, Inc. and Superspeed Golf, LLC, declaring as follows:

a. This Court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policies do not provide coverage to Defendant The Stack System LP for the claims asserted against it in the Underlying Action;

c. Associated Industries Insurance Company, Inc. does not owe a duty under the Policies to defend or reimburse defense costs incurred by Defendant The Stack System LP in connection with the claims asserted against it in the Underlying Action;

d. Associated Industries Insurance Company, Inc. does not owe a duty under the Policies to indemnify Defendant The Stack System LP in connection with the claims asserted against it in the Underlying Action;

e. Associated Industries Insurance Company, Inc. is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: July 30, 2024

Respectfully Submitted,

By: */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650

Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110
*Attorneys for Associated Industries Insurance Company, Inc.*